FILED
APR - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RACHEL SHER, )
)
Plaintiff, )
)
v. )  Case: 1:08-cv-00617
) Assigned To : Bates, John D.
DEPUY MITEK, INC. AND JOHNSON & ) Assign. Date : 4/8/2008
JOHNSON, ) Description: PI/Malpractice
)
)
Defendants. )

**JURY ACTION**

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants DePuy Mitek, Inc. and Johnson & Johnson ("Defendants"), by and through their counsel, DRINKER BIDDLE & REATH LLP, hereby remove this civil action to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 and in accordance with 28 U.S.C. §§ 1441 and 1446, as amended, on the following grounds:

1. DePuy Mitek, Inc. and Johnson & Johnson were named as defendants in a Complaint filed by Plaintiff Rachel Sher on or about February 15, 2008 in the Superior Court for the District of Columbia, Washington, D.C., Case No. 0001168-08.

2. Summons issued in connection with the Complaint on February 15, 2008, were sent by certified mail to DePuy Mitek, Inc. and Johnson & Johnson, and were received by Defendants' legal departments on April 2, 2008 and March 27, 2008, respectively.

3. This action involves a claim for personal injury based on a right knee arthroscopy procedure during which plaintiff alleges she was implanted with a Mitek Rapidloc Meniscal Repair, a DePuy Mitek, Inc. product.

Respectfully Submitted,

DRINKER BIDDLE & REATH LLP

By: *[signature]*
Elizabeth L. Ewert (#479368)
Jeffrey J. Lopez (#453052)
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone: 202/842-8800
Telecopier: 202/842-8465
elizabeth.ewert@dbr.com
jeffrey.lopez@dbr.com

*Attorneys for Defendants DePuy Mitek, Inc. and Johnson & Johnson*

Dated: April 7, 2008



### SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

RACHEL SHER
Vs.
DEPUY MITEK, INC.

C.A. No.    2008 CA 001168 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge LYNN LEIBOVITZ
Date: February 15, 2008
Initial Conference: 9:30 am, Friday, May 16, 2008
Location: Courtroom A-47
515 5th Street NW
WASHINGTON, DC 20001

Date Served: 3/27/08
Company Served: _____
Method: Certified CT/Personal Reg. Mail
Date Rec'd by Law Dept.: 3/27/08
Entered into Law Manager: Yes No
Law Manager Intake I.D.# 65142
Initials: DL

08 0617
FILED
APR - 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133



Rachel Sher

*Plaintiff*

VS.

Johnson & Johnson, Inc.

*Defendant*

Civil Action No. 0001165-08

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Christopher T. Nace
Name of Plaintiff's Attorney

1615 New Hampshire Ave. NW, Third Floor
Address
Washington, DC 20009

202-463-1999
Telephone

By _____
Deputy Clerk

Date 2/15/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| Rachel Sher<br>1448 Cocoran St., NW<br>Apt 1<br>Washington, DC 20009<br><br>　　　　Plaintiff,<br><br>v.<br><br>Depuy Mitek, Inc.<br>325 Paramount Drive<br>Raynham, MA 02767<br><br>　　*Serve*:<br>　　CT Corporation System<br>　　155 Federal Street<br>　　Suite 700<br>　　Boston, MA 02110<br><br>and<br><br>Johnson & Johnson, Inc.<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ 08933<br><br>　　*Serve*:<br>　　Steven M. Rosenberg<br>　　Johnson & Johnson, Inc.<br>　　One Johnson & Johnson Plaza<br>　　New Brunswick, NJ 08933<br><br>　　　　Defendants. | Case No.: 0001168-04<br><br>RECEIVED<br>Civil Clerk's Office<br><br>FEB 1 5 2008<br><br>Superior Court of the<br>District of Columbia<br>Washington, D.C. |

## COMPLAINT

COMES NOW Plaintiff, by and through the undersigned counsel, and files this Complaint, and for this cause of action states:

## JURISDICTION

1. Jurisdiction of this court is invoked pursuant to D.C. Code § 11-921, and by virtue of the fact that all acts and omissions complained of occurred within the District of Columbia.

2. Personal jurisdiction over Defendants Depuy Mitek and Johnson & Johnson is proper as both Defendants conduct business in the District of Columbia.

3. Venue in this court is proper because the cause of action arose in the District of Columbia.

## PARTIES

4. Plaintiff Rachel Sher is an adult resident of the District of Columbia.

5. Defendant Depuy Mitek is a Massachusetts corporation doing business in the District of Columbia.

6. Defendant Johnson & Johnson is a New Jersey Corporation doing business in the District of Columbia.

## BACKGROUND

7. On or about February 17, 2005, Plaintiff Rachel Sher underwent right knee arthroscopy to repair a small medial meniscal tear.

8. At the time of the February 17, 2005 procedure a Mitek Rapidloc Meniscal Repair device was utilized and was implanted in Ms. Sher's knee.

9. On or about November 22, 2005 Plaintiff Sher underwent an MRI to evaluate continued pain she was experiencing in her right knee.

10. At the time of the November 22, 2005 MRI it was determined that the Mitek Rapidloc Meniscal Repair device remained in Ms. Sher's knee.

11. On or about December 8, 2005, Plaintiff Sher had a second arthroscopic procedure to diagnose and treat her knee pain.

12. At the time of the December 8, 2005 surgery a 3 mm x 1.5 cm chondral injury was discovered which was determined to be the source of Plaintiff Sher's knee pain.

13. At the time of the December 8, 2005 surgery it was determined that the chondral injury was caused by the Mitek Rapidloc Meniscal Repair device which had been implanted in Plaintiff Sher's knee during the February 17, 2005 surgery.

## Count I
### (Design Defect)

14. Paragraphs 1 through 13 shall be incorporated herein as though the same were restated here.

15. Upon information and belief, Plaintiff Sher's injuries were caused by defective design of the Mitek Rapidloc Meniscal Repair device. If the Mitek Rapidloc Meniscal Repair device had not been defectively designed, Plaintiff Sher would not have sustained her injuries.

16. In further support, Plaintiff Sher claims:

  (a) That the Mitek Rapidloc Meniscal Repair device was in its defective condition at the time it left possession of the Defendants.

  (b) That the Mitek Rapidloc Meniscal Repair device was unreasonably dangerous to Plaintiff, who is the intended user and consumer.

  (c) That the defect was a proximate and direct cause of the injuries sustained by Plaintiff.

  (d) That the product was expected to and did reach the consumer in its condition without substantial change.

17. The Mitek Rapidloc Meniscal Repair device was placed into the stream of commerce and sold by Defendants in a defective and unreasonably dangerous condition in that the Mitek Rapidloc Meniscal Repair device contained latent manufacturing flaws, which resulted in the Mitek Rapidloc Meniscal Repair device malfunctioning while being used for its intended purpose.

18. As a result of the defect described above, Plaintiff Sher suffered serious and permanent injuries and monetary damages including, but not limited to, medical expenses and loss of earnings. Furthermore, Plaintiff suffered further conscious pain, suffering, and mental anguish.

19. Plaintiff Sher also claims that she suffered the injuries without the presence of any negligence on her part.

## Count II
### (Manufacturing Defect)

20. Paragraphs 1 through 19 shall be incorporated herein as though the same were restated here.

21. Upon information and belief, Plaintiff Sher's injuries were caused by a manufacturing defect of the Mitek Rapidloc Meniscal Repair device. If the Mitek Rapidloc Meniscal Repair device had not been defectively manufactured, Plaintiff would not have sustained her injuries.

22. The Mitek Rapidloc Meniscal Repair device was placed into the stream of commerce and sold by Defendants in a defective and unreasonably dangerous condition in that the Mitek Rapidloc Meniscal Repair device contained latent manufacturing flaws, which resulted in the Mitek Rapidloc Meniscal Repair device malfunctioning while being used for its intended purpose.

23. The defect described above was a proximate and direct cause of which Plaintiff suffered serious and permanent injuries and monetary damages including, but not limited to, medical expenses and loss of earnings. Furthermore, Plaintiff suffered further conscious pain, suffering, and mental anguish.

24. Plaintiff Sher also claims that she suffers the injuries without the presence of any negligence on her part.

### Count III
(Negligence)

25. Paragraphs 1 through 24 as stated above are incorporated herein by reference.

26. Defendants, their agents, servants and employees, owed a duty to Plaintiff Sher to manufacture equipment that was not defective.

27. Plaintiff Sher relied upon Defendants, their agents, servants and employees, to manufacture non-defective equipment.

28. Defendants, their agents, servants and employees either did not possess the degree of skill, care, judgment and expertise required of them, or did not use the degree of skill, care, judgment and expertise required of them in manufacturing the Mitek Rapidloc Meniscal Repair device. They thereby breached their duties owed to Plaintiff, including, but not limited to, the following duties:

    a. To properly design a reasonably safe and effective device for the reasonable prudent consumer;

    b. To properly manufacture a reasonably safe and effective device for the reasonable prudent consumer;

    c.    Defendant negligently constructed, assembled, inspected and sold the device as described as it was dangerous and unsafe for its intended purpose; and,

    d.    Being otherwise negligent.

29. As a direct and proximate result of the aforementioned negligence of Defendants, their agents, servants and employees, Plaintiff Sher has endured economic and non-economic damages, including significant and severe physical and mental anguish, additional medical treatment, and loss of earnings and economic capacity.

30. Plaintiff Sher also asserts that the injuries were due to in no part to any negligence done by her.

31. Plaintiff also asserts the doctrines of *res ipsa loquitur* and *respondeat superior*.

### Count IV
### (Breach of Express and Implied Warranties)

32. Paragraphs 1 through 31 as stated above shall be incorporated herein as though the same were restated here.

33. Prior to the incident in question, Defendants expressly/impliedly warranted to Plaintiff that the Mitek Rapidloc Meniscal Repair device was merchantable and fit for the ordinary purpose for which devices like such are intended.

34. Prior to the procedure involved herein, Defendants impliedly warranted to Plaintiff that the Mitek Rapidloc Meniscal Repair device was fit for the particular purpose for its intended use.

35. Defendants breached their express and implied warranties despite having reasonable notice of problems with the Mitek Rapidloc Meniscal Repair device at issue in this Complaint.

36. As a result of Defendants' breach of warranty in causing the injuries sustained by Plaintiff, Plaintiff Sher has suffered serious and permanent injuries and monetary damages including but not limited to medical expenses and loss of earnings. Plaintiff Sher further suffered serious conscious pain and suffering and mental anguish.

37. Plaintiff Sher has been injured without any negligence on her part.

### Count V
### (Failure to Warn)

38. Paragraphs 1 through 37 as stated above shall be incorporated herein as though the same were restated here.

39. Prior to the incident in question, Defendants had a duty to warn Plaintiff Sher of any injuries or risks associated with the use of the Mitek Rapidloc Meniscal Repair device.

40. Defendants breached their duty to warn by failing to provide any notice to Plaintiff Sher that use of the Mitek Rapidloc Meniscal Repair device could result in further damage to her knee.

41. As a result of Defendants' failure to warn, Plaintiff Sher has suffered serious and permanent injuries and monetary damages including but not limited to medical expenses and loss of earnings. Plaintiff Sher further suffered serious conscious pain and suffering and mental anguish.

42. Plaintiff Sher has been injured without any negligence on her part.

WHEREFORE, Plaintiff Rachel Sher demands judgment against Defendants in an amount to be determined at trial but believed to be in excess of one million dollars ($1,000,000.00) in damages, plus costs of this suit, and such other and further relief as this Court deems just and proper.

Dated: February 15, 2008

Respectfully submitted,

PAULSON & NACE

*/s/ Christopher T. Nace*
Barry J. Nace, Bar No.: 130724
Christopher T. Nace, Bar No. 977865
1615 New Hampshire Avenue, NW
Washington, DC 20009-2520
(202) 463-1999
*Counsel for Plaintiffs*

### Jury Demand

Plaintiff, by and through the undersigned counsel and pursuant to Rule 38 of the District of Columbia Rules of Civil Procedure, hereby demands trial by jury of all issues in this matter.

*/s/ Christopher T. Nace*
Christopher T. Nace

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Rachel Sher

*Plaintiff*

VS.

Depuy Mitek, Inc.

*Defendant*

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Christopher T. Nace
Name of Plaintiff's Attorney

1615 New Hampshire Ave. NW, Third Floor
Address
Washington, DC 20009

202-463-1999
Telephone

By _____
Deputy Clerk

Date 2/15/2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98   NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS
Rachel Sher

//001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Barry J. Nace
Christopher T. Nace
Paulson & Nace
1615 New Hampshire Avenue, N.W.
Washington, DC 20009-2520
202-463-1999

## DEFENDANTS
DePuy Mitek, Inc. and Johnson and Johnson

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF

Case: 1:08-cv-00617
Assigned To : Bates, John D.
Assign. Date : 4/8/2008
Description: PI/Malpractice

**JURY ACTION**

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

⊙ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☒ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

—○—

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding  ⦿ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Products Liability - Removed under U.S.C. Sections 1331 and 1332 and in accordance with 28 U.S.C. Sections 1441 and 1446

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  April 8, 2008    SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_RACHEL SHER_
Plaintiff

v.

_DEFUY HITEK, INC., ET AL_
Defendant

Civil Action No. **08 0617**

**APR - 8 2008**

    The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **BATES, J. JDB**. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

    Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

    Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _CHRISTOPHER T. NACE_

929A
Rev. 7/02