**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RACHEL SHER,<br>1448 Cocoran St., NW<br>Apt. 1<br>Washington, DC 20009<br><br>    **Plaintiff,**<br><br> v.<br><br>DEPUY MITEK, INC.<br>325 Paramount Drive<br>Raynham, MA 02767<br><br>AND<br><br>JOHNSON & JOHNSON,<br>One Johnson & Johnson Plaza<br>New Brunswick, NJ 08933<br><br>    **Defendants.** | Civil Action No. 1:08-cv-00617-JDB |

**DEFENDANTS DEPUY MITEK, INC. AND JOHNSON & JOHNSON'S**
**ANSWER TO COMPLAINT**

  Defendants DePuy Mitek, Inc. ("DePuy") and Johnson & Johnson ("J&J") (collectively, "Defendants"), by counsel, upon knowledge as to themselves and upon information and belief as to all others, answer Plaintiff Rachel Sher's Complaint as follows:

**JURISDICTION**

  1. The allegations in Paragraph 1 consist of legal conclusions to which no responsive pleading is required. To the extent further response is required, the allegations are denied. This matter has been properly removed to Federal Court.

2. The allegations in Paragraph 2 consist of legal conclusions to which no responsive pleading is required. To the extent further response is required, the allegations are denied. This matter has been properly removed to Federal Court.

3. The allegations in Paragraph 3 consist of legal conclusions to which no responsive pleading is required. To the extent further response is required, the allegations are denied. This matter has been properly removed to Federal Court.

## PARTIES

4. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 4; therefore, those allegations are denied.

5. Defendants admit that DePuy is a corporation incorporated under the laws of the State of Massachusetts. The allegation that DePuy is "doing business in the District of Columbia" is a legal characterization and/or conclusion to which no responsive pleading is required.

6. Defendants admit that J&J is a corporation incorporated under the laws of the State of New Jersey. The allegation that J&J is "doing business in the District of Columbia" is a legal characterization and/or conclusion to which no responsive pleading is required.

## BACKGROUND

7. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 7; therefore, those allegations are denied.

8. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 8; therefore, those allegations are denied.

9. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 9; therefore, those allegations are denied.

10. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 10; therefore, those allegations are denied.

11. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 11; therefore, those allegations are denied.

12. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 12; therefore, those allegations are denied.

13. Defendants deny that any of their products caused Plaintiff's alleged injuries. Defendants lack knowledge or information sufficient to either admit or deny the remaining allegations in Paragraph 13; therefore, those allegations are denied.

**Count 1**
**(Design Defect)**

14. Defendants incorporate by reference their answers in Paragraphs 1 through 13, above.

15. Defendants deny the allegations in Paragraph 15.

16. Defendants lack knowledge or information sufficient to either admit or deny the allegations in part (d) of Paragraph 16; therefore, those allegations are denied. The remaining allegations in Paragraph 16 are also denied.

17. Defendants deny the allegations in Paragraph 17.

18. Defendants lack knowledge or information sufficient to either admit or deny allegations regarding the nature of Plaintiff's alleged injuries; therefore, those allegations are denied. The remaining allegations in Paragraph 18 are also denied.

19. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 19; therefore, those allegations are denied.

## Count II
### (Manufacturing Defect)

20. Defendants incorporate by reference their answers in Paragraphs 1 through 19, above.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants deny the allegations in Paragraph 22.

23. Defendants lack knowledge or information sufficient to either admit or deny allegations regarding the nature of Plaintiff's alleged injuries; therefore, those allegations are denied. The remaining allegations in Paragraph 23 are also denied.

24. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 24; therefore, those allegations are denied.

## Count III
### (Negligence)

25. Defendants incorporate by reference their answers in Paragraphs 1 through 24, above.

26. Defendants deny the allegations in Paragraph 26.

27. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 27; therefore, those allegations are denied.

28. Defendants deny the allegations in Paragraph 28.

29. Defendants deny the allegations in Paragraph 29.

30. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 30; therefore, those allegations are denied.

31. The allegations in Paragraph 31 consist of legal assertions to which no responsive pleading is required.

### Count IV
### (Breach of Express and Implied Warranties)

32. Defendants incorporate by reference their answers in Paragraphs 1 through 31, above.

33. Defendants deny the allegations in Paragraph 33.

34. Defendants deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants lack knowledge or information sufficient to either admit or deny allegations regarding the nature of Plaintiff's alleged injuries; therefore, those allegations are denied. The remaining allegations in Paragraph 36 are also denied.

37. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 37; therefore, those allegations are denied.

## Count V
### (Failure to Warn)

38. Defendants incorporate by reference their answers in Paragraphs 1 through 37, above.

39. Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations in Paragraph 40.

41. Defendants lack knowledge or information sufficient to either admit or deny allegations regarding the nature of Plaintiff's alleged injuries; therefore, those allegations are denied. The remaining allegations in Paragraph 41 are also denied.

42. Defendants lack knowledge or information sufficient to either admit or deny the allegations in Paragraph 42; therefore, those allegations are denied. Furthermore, allegations addressing the nature of relief sought by the plaintiffs do not require a responsive pleading.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations, statutes of repose, and the doctrines of laches, estoppel, waiver, or statutory compliance.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint and any claim for punitive damages are barred by reason of Defendants' compliance with all applicable federal, state, local and regulatory requirements concerning such products.

## FOURTH AFFIRMATIVE DEFENSE

Defendants state that unless DePuy can be specifically identified as the manufacturer or distributor of the product that allegedly injured Plaintiff, any recovery against them would violate its rights under the United States Constitution and the constitution(s) of the governing state(s), including their rights to due process and equal protection.

## FIFTH AFFIRMATIVE DEFENSE

Defendants state that to the extent Plaintiff seeks to recover punitive damages from them, such an award would, if granted, violate their rights to due process and equal protection guaranteed to it under the United States Constitution and the constitution(s) of the governing state(s).

## SIXTH AFFIRMATIVE DEFENSE

Defendants state that venue is both improper and inconvenient in this judicial district.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the learned intermediary doctrine.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint may be barred by the doctrines of contributory negligence, comparative negligence, assumption of the risk, or misuse or abuse of such product.

### NINTH AFFIRMATIVE DEFENSE

Defendants state that DePuy acted at all times in full conformity with the then-existing state of the art.

### TENTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's breach of warranty claims must fail due to lack of privity and timely notice.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of preemption under the Supremacy Clause of the United States Constitution because the Mitek Rapidloc Meniscal Repair device has been approved by the United States Food and Drug Administration ("FDA"), and has been tested, manufactured and labeled in accordance with federal standards and law.

### TWELFTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Defendants were not responsible and with whom Defendants have no legal connection.

### THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were not due to or caused by the fault, lack of care, negligence, strict liability, fraud, misrepresentation, or breach of duty on the part of Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same were caused in whole or in part through the operation of nature, idiosyncratic reaction or other intervening cause or causes.

### FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the same resulted from the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses of Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to plead fraud and misrepresentation with the particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join as defendants indispensable parties whose Joinder is necessary for this action to proceed.

### EIGHTEENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injury or damage as alleged, they were exacerbated by Plaintiff's failure to mitigate such injury or damage.

## NINETEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter and personal jurisdiction over the claims alleged in Plaintiff's Complaint.

Defendants reserve its right to amend this Answer and/or to add additional affirmative defenses as may be appropriate.

>Respectfully Submitted,
>
>DRINKER BIDDLE & REATH LLP
>
>By: /s/ Elizabeth Ewert
>    Elizabeth L. Ewert (#479368)
>    Jeffrey J. Lopez (#453052)
>    1500 K Street, N.W., Suite 1100
>    Washington, D.C. 20005
>    Telephone:  202/842-8800
>    Telecopier:  202/842-8465
>    elizabeth.ewert@dbr.com
>    jeffrey.lopez@dbr.com
>
>*Attorneys for Defendants DePuy Mitek, Inc. and Johnson & Johnson*

Dated:  April 16, 2008

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of April, 2008, I electronically filed the foregoing Defendants DePuy Mitek, Inc. and Johnson & Johnson's Answer to Complaint with the Clerk of the Court using the CM/ECF system, thereby effectuating service on all parties pursuant to LCvR 5.4(d).

      /s/ Elizabeth Ewert
    Elizabeth L. Ewert