IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHEL SHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:08-cv-00617-PLF |
| ) | |
| DEPUY MITEK, INC. AND ) | The Honorable Paul L. Friedman |
| JOHNSON & JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**JOINT LCvR 16.3 REPORT
AND PROPOSED SCHEDULING ORDER**

Pursuant to the Court's April 24, 2008 Minute Order, Local Rule 16.3, and Federal Rule of Civil Procedure 26(f), counsel for the parties submit this Report and Proposed Scheduling Order. Counsel for the parties have met and conferred concerning the matters set forth in LCvR 16.3(c). Where the parties do not agree, each position is set forth separately.

**I.     Statement of the Case**

    **A.     Plaintiff**

Plaintiff Rachel Sher alleges that on February 15, 2005 she underwent right knee arthroscopy. Part of that procedure involved the placement of a Mitek Rapidloc meniscal repair device. While discovery is yet to commence, Ms. Sher contends that this Rapidloc device was designed to dissolve within the body following its use. It is Ms. Sher's understanding that in her case the device in fact did not dissolve. As a result of this defect with the Rapidloc, Ms. Sher developed what is known as a chondryl defect in her knee. It is believed that this defect—which caused Ms. Sher to undergo additional surgery, physical therapy and still causes her pain and

prevents her from certain activities such as running—is the result of the Rapidloc's failure to dissolve.

### B. Defendants

DePuy Mitek, Inc. and Johnson & Johnson (collectively, "Defendants") generally deny that they are liable to Plaintiff under any of Plaintiff's causes of action. While discovery has not yet commenced, Defendants believe that Plaintiff will be unable to come forward with evidence sufficient to meet her burden of persuasion that any product manufactured by DePuy Mitek caused the injuries complained of by Plaintiff or that Defendants breached any duties or warranties owed to Plaintiff, or made any material misrepresentations to Plaintiff. Defendants have also asserted several affirmative defenses.

## II. Statutory Basis for all Causes of Action and Defenses

### A. Plaintiff

Plaintiff's claims sound in tort and are not based on any statutory scheme.

### B. Defendants

Defendants assert that Plaintiff's claims may be barred by the applicable statute of limitations. Defendants have also raised affirmative defenses based upon regulations promulgated by the Food and Drug Administration ("FDA").

## III. Matters Discussed at Conference

**(1) Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

**Parties' Position**: It is too early to evaluate the likelihood that Defendants will bring dispositive motions as the parties have not yet engaged in any discovery.

    **(2)** **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

    **Parties' Position**: (a) At the present time, none of the parties plan to join additional parties or amend the pleadings. The parties acknowledge that once discovery has begun there may then be a need to join other parties or amend the pleadings. The parties propose a deadline of November 24, 2008 for joinder or amending the pleadings; (b) the parties agree that there are not yet any factual or legal issues that can be agreed upon or narrowed.

    **(3)** **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

    **Parties' Position**: The parties do not agree to a magistrate judge for all purposes, but would agree to a magistrate judge for purposes of overseeing ADR.

    **(4)** **Whether there is a realistic possibility of settling the case.**

    **Parties' Position**: The parties are not aware of any information that would preclude a realistic possibility of settling the case. The parties also note, however, that a prediction on the likelihood of settlement is somewhat premature as the parties have not yet engaged in any discovery.

    **(5)** **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

    **Parties' Position**: The parties propose to have this case referred to a magistrate judge, or another mediator of the Court's choosing, for mediation to begin after the completion of discovery.

**(6)** **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

**Parties' Position**: Depending on the information that Defendants learn during discovery, Defendants may file motions for summary judgment or motions to dismiss. The parties have proposed various deadlines under Subsection (8). Given the uncertainty at this time, no dates can be proposed.

**(7)** **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(l), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

**Parties' Position**: The parties have proposed a deadline for Rule 26(a)(1) initial disclosures under Subsection (8).

**(8)** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

**Parties' Position**: The parties agree that, pursuant to Rule 33, each party is limited to twenty-five (25) interrogatories. The parties agree that the number of non-expert depositions should be limited to ten (10) non-expert depositions, unless good cause is shown. The parties agree that the duration of each deposition shall be limited to one (1) day or seven (7) hours, whichever is greater.

The parties suggest the following schedule:

| | |
|---|---|
| July 3, 2008: | Deadline for Rule 26(a)(1) initial disclosures. |
| August 15, 2008: | Deadline for serving discovery requests. |
| February 20, 2009: | Deadline for plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |

4

|  |  |
|---|---|
| April 20, 2009: | Deadline for Defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| June 16, 2009: | All Discovery Closed. The parties agree that experts may be deposed until the close of discovery. |
| August 18, 2009: | Deadline for filing Dispositive Motions. |
| October, 2009: | Pre-Trial Conference. |

**(9)** **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

**Parties' Position**: The parties agree to make all expert witnesses available for deposition. The parties agree to conduct expert depositions during normal business hours and agree that the party requesting the deposition will choose the location of the deposition. Before the depositions, the parties agree to exchange reports pursuant to Rule 26(a)(2).

**(10)** **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

Not applicable.

**(11)** **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**Parties' Position**: The parties agree that is unlikely that bifurcation or phasing will be necessary, but it is too early to determine definitively.

**(12)** **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

**Parties' Position**: The parties request a pretrial conference in October 2009.

**(13)** **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

5

**Plaintiff's Position**:  Plaintiff prefers that the Court provide that a trial date will be set at the first status conference.

**Defendants' Position**:  Defendants prefer that the Court provide that a trial date will be set at the pretrial conference.

**(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

None.

### IV. Civil Rule 26(a)(1) Initial Disclosures

The parties agree to exchange their Civil Rule 26(a)(1) initial disclosures by July 3, 2008.

### V. Proposed Rule 16(b) Scheduling Order

The parties have attached a Proposed Scheduling Order.

Respectfully submitted,

PAULSON & NACE

By:   /s/ Barry J. Nace
     Barry J. Nace, Esq.
     1615 New Hampshire Avenue, NW
     Washington, DC 20009-2520

*Attorney for Plaintiff Rachel Sher*

DRINKER BIDDLE & REATH LLP

By:   /s/ Elizabeth L. Ewert
     Elizabeth L. Ewert (#479368)
     Jeffrey J. Lopez (#453052)
     1500 K Street, N.W., Suite 1100
     Washington, D.C. 20005
     Telephone:  202/842-8800
     Telecopier:  202/842-8465
     elizabeth.ewert@dbr.com
     jeffrey.lopez@dbr.com

*Attorneys for Defendants DePuy Mitek, Inc.
    and Johnson & Johnson*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May, 2008, I electronically filed the foregoing Joint LCvR 16.3 Report and Proposed Scheduling Order with the Clerk of the Court using the CM/ECF system, thereby effectuating service on all parties pursuant to LCvR 5.4(d).

      /s/ Elizabeth L. Ewert
      Elizabeth L. Ewert

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RACHEL SHER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-00617-PLF |
| | ) | |
| DEPUY MITEK, INC. AND JOHNSON & JOHNSON, | ) | The Honorable Paul L. Friedman |
| | ) | |
| **Defendants.** | ) | |

**[PROPOSED] SCHEDULING ORDER**

The parties suggest, and the Court hereby orders, the following schedule:

| | |
|---|---|
| July 3, 2008: | Deadline for Rule 26(a)(1) initial disclosures. |
| August 15, 2008: | Deadline for serving discovery requests. |
| February 20, 2009: | Deadline for Plaintiffs to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| April 20, 2009: | Deadline for Defendants to designate experts and provide expert reports, pursuant to Rule 26(a)(2). |
| June 16, 2009: | All Discovery Closed. The parties agree that experts may be deposed until the close of discovery. |
| August 18, 2009: | Deadline for filing Dispositive Motions. |
| October, 2009: | Pre-Trial Conference. |

DATED: _____          _____
                                        The Honorable Paul L. Friedman
                                        United States District Judge