IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RACHEL SHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 1:08-cv-00617-PLF |
| ) | |
| DEPUY MITEK, INC. AND ) | The Honorable Paul L. Friedman |
| JOHNSON & JOHNSON, ) | |
| ) | |
| Defendants. ) | |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by, between, and among the parties, through undersigned counsel, that certain documents and information produced during the course of discovery in this matter shall be protected so as to preserve the confidentiality of commercially sensitive, confidential, competitive, and/or proprietary information contained therein. The parties therefore request that the Court enter this Stipulated Confidentiality Agreement and Protective Order ("Order").

It is therefore AGREED that:

1. <u>Scope of Protective Order.</u> This Order shall govern all materials regardless of the medium or manner generated, stored, or maintained, produced in response to any discovery request in this action; all information contained in those materials; and all copies, excerpts, summaries, or compilations of those materials (collectively, "Discovery Material"). Any testimony, conversations, or presentations by parties or counsel that might reveal information contained in Discovery Material is subject to this Order.

2. <u>Designation of Discovery Material as Confidential or Confidential – For Attorney's Eyes Only.</u> Counsel may designate as "Confidential" any Discovery Material that

counsel in good faith believes contains or is derived from trade secrets or other confidential research, development, commercial information, or is otherwise confidential, proprietary or protected by statute. To the extent that counsel and/or a party reasonably believes that Discovery Material designated as "Confidential" ought not be disclosed to the adverse party under any circumstances and reasonably believes, in good faith, such disclosure would likely jeopardize the party's commercial or business interests, the "Designating Party" may designate the document and/or information as "Confidential – For Attorney's Eyes Only."

3. Method of Designating Discovery Material as Confidential and/or Confidential – For Attorney's Eyes Only.

(a) Designation of Confidential Discovery Material shall be made by stamping the legend "Confidential" or "Confidential – For Attorney's Eyes Only" on any document containing Confidential Discovery Material. If the Discovery Material cannot be so labeled, it will be designated in some other conspicuous manner. Confidential Discovery Material must be so designated before or at the time that the material is disclosed or produced, except that any confidential designation that is inadvertently omitted during document production may be corrected by timely written notice to counsel of the party receiving the document.

(b) If only a portion or portions of material on a page qualifies for protection pursuant to this Order, the Designating Party must clearly identify the Confidential portions and the level of protection being asserted.

(c) Deposition testimony may be designated Confidential by an indication on the record at the deposition or by written notice of the specific pages and lines of testimony that are Confidential within thirty (30) days after receipt of the official deposition transcript. Each

party shall attach a copy of any such written notice to all copies of the deposition within its possession, custody, or control.

4. <u>Discovery Material Produced by Non-Parties.</u>  Should the parties in this case issue any subpoenas to non-parties, the parties agree that any non-parties served with a subpoena may designate as Confidential any appropriate materials responsive to such a subpoena.  Either party may notify any non-party served with a subpoena in this case of this Order.

5. <u>Discovery Material Subpoenaed or Ordered Produced in Other Litigation.</u>

(a) If a party in this litigation is served with a subpoena or an order issued in another litigation that would compel disclosure of any information or items designated as Confidential in this action, that party must so notify the Designating Party in writing immediately, and in no event more than ten (10) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The party in receipt of such a subpoena or order also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order.  In addition, that party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

(c) These duties are imposed to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection of its confidential material in

that court. Nothing in these provisions should be construed as authorizing or encouraging the party receiving the subpoena or order to disobey a lawful directive from another court.

      6.    <u>Use of Confidential Discovery Material.</u> All Discovery Material including, but not limited to, Confidential Discovery Material may be used solely for the purpose of this litigation, and not for any other purpose. Confidential Discovery Material may be disclosed only to the following persons:

      (a)    The Court in which this litigation is pending and any court to which an appeal in this litigation may lie;

      (b)    The parties to this litigation, including present officers, directors, members, in-house counsel, insurance adjustors of the parties, and other employees of the parties, to the extent reasonably necessary for the prosecution or defense of claims in this litigation except that the parties shall not have access to any Discovery Material which is designated as "Confidential – For Attorney's Eyes Only;"

      (c)    Outside counsel representing the parties and their support personnel whose functions require access to such Confidential Discovery Material;

      (d)    Any actual or potential non-party witness or deponent to the extent reasonably necessary, and counsel for such witness;

      (e)    Outside vendors who perform microfilming, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

      (f)    Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this litigation;

    (g) Experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this litigation, to the extent reasonably necessary for such experts to prepare a written opinion or to prepare to testify or to assist counsel in this litigation;

    (h) Any other person who is so designated by order of any court in which this litigation is pending.

    (i) No Confidential Discovery Material and/or Confidential – Attorney's Eyes Only Discovery Material may be disclosed to persons identified in subparagraphs (e), (g), and (h) until they have reviewed this Order and either (i) executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party; or (ii) agreed on the record at a deposition to be bound by the terms of this Order.

    7. <u>Use of Confidential Discovery Material at Deposition.</u> Any party may use Confidential Discovery Material, pursuant to the terms of this Order, as an exhibit in a deposition taken in this litigation, subject to (a) the exhibit being marked as Confidential and (b) the witness's (i) execution of a written agreement in the form attached hereto as Exhibit A or (ii) agreement on the record to be bound by the terms of this Order. If a deponent is questioned about "Confidential – For Attorney's Eyes Only" information during the course of a deposition, upon request, any person in attendance at the deposition, other than outside counsel, shall leave the room during that portion of the deposition.

8. <u>Challenges to "Confidential" Designations of Discovery Material.</u>

(a) If any party to this Order should conclude that particular Discovery Material should not be treated as Confidential ("Challenging Party"), then it shall so notify the Designating Party in writing.

(b) If the Designating Party insists on the material being treated as Confidential Discovery Material as specified in this Order, it shall so notify the Challenging Party in writing within seven (7) days of receipt of the Challenging Party's notice. The Designating Party's written notice shall specify all reasons why confidentiality should apply to the Discovery Materials whose designation as confidential has been challenged. The parties will, within ten (10) days of service of such notice, make a good faith effort to resolve the dispute among them. If the parties fail to resolve the matter, the Challenging Party may seek a hearing before this Court with respect to the propriety of the designation. The Designating Party will cooperate in obtaining a prompt hearing with respect thereto. The Designating Party shall bear the burden of proof in any challenge to such a designation.

(c) The parties agree to maintain the confidentiality of any such Confidential Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

9. <u>No Restriction on Material Independently Obtained or Publicly Available.</u> Nothing in this Order shall be deemed in any way to restrict the use of documents or information lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and has been designated "Confidential" or "Confidential – For Attorney's Eyes Only."

10. <u>Exemption for Authors, Recipients and Parties Producing Confidential Discovery Material.</u> Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "Confidential" or "Confidential – For Attorney's Eyes Only" to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any use of any Confidential Discovery Material by the party producing such Confidential Discovery Material.

11. <u>Unauthorized Disclosure of Protected Material.</u> If a party learns that, by inadvertence or otherwise, it disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, that party must immediately (1) notify in writing the Designating Party of the unauthorized disclosure(s), (2) use its best efforts to retrieve all copies of the Discovery Material, (3) inform the party or parties to whom the unauthorized disclosures were made of all the terms of this Order, and (4) request such party or parties to execute the Agreement attached hereto as Exhibit A.

12. <u>Filing Confidential Discovery Material Under Seal.</u> Subject to the Federal Rules of Civil Procedure and the Local Rules of this Court, all pleadings and all other writings of any and every kind filed or lodged with the Court that contain information designated as "Confidential" or "Confidential – For Attorney's Eyes Only" shall be filed or lodged under seal. All such pleadings, writings, and information filed or lodged under seal shall display prominently on the cover page thereof the following underlined words in bold capital letters thereon: "CONFIDENTIAL DOCUMENT FILED OR LODGED UNDER SEAL: NOT TO BE OPENED OR COPIED EXCEPT UPON WRITTEN ORDER OF THE COURT."

   (a) All such pleadings, writings, and information filed under seal shall be placed inside a sealed envelope, which shall have securely affixed to the front of such envelope a

copy of the cover page of such pleading, writing or information which cover page copy also shall display prominently the following underlined words in bold capital letters: "DOCUMENT UNDER SEAL" or "DOCUMENTS SUBJECT TO PROTECTIVE ORDER." Such sealed envelope, with such copy of such cover page securely affixed thereto, may be placed inside a separate envelope addressed to the Court for mailing or delivery.

   (b) Documents will be maintained under seal by the clerk in conformity with the usual practice of this Court.

   (c) Any party also may move the Court for an order that certain evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine what protection, if any, will be afforded to such information.

   13. No Waiver of Objections. Nothing in this Order shall constitute a waiver of a party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive or proprietary information.

   14. Obligation To Act in Good Faith. The parties and their counsel agree to act in good faith when taking any action pursuant to this Order.

   15. No Waiver of Rights. The inadvertent or unintentional production of Confidential Discovery Material shall not constitute an admission by the producing party, and shall not waive the producing person's rights, with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

   16. Modification of this Order. Any party may apply to the Court in which this litigation is pending for modification of this Order at any time or for the establishment of additional protection governing the use of Confidential Discovery Material, including the use of

such material in submissions to the Court or at any hearing or trial. Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

17.     <u>Post-Litigation Treatment of Confidential Discovery Material.</u>  No later than 30 days after the expiration of the time in which an appeal may be filed or after an unappealable final resolution or settlement of this litigation, any person or entity possessing any Confidential Discovery Material shall return all such Confidential Discovery Material, including all copies, extracts, and summaries, to the producing party or, in lieu thereof, shall certify in writing that all Confidential Discovery Material has been destroyed, except that counsel of record may retain their notes, summaries, and file copies of any paper served or filed in this litigation, including portions of any such papers that contain or disclose Confidential Discovery Material. The producing party shall bear all reasonable costs associated with returning Confidential Discovery Material and/or the destruction of Confidential Discovery Material as required by this paragraph. If any Confidential Discovery Material has been furnished under this Order to any expert or to any other person, the attorney for the party furnishing the Confidential Discovery Material shall request in writing that all such Confidential Discovery Material be returned to counsel.

18.     <u>Continuing Effect of this Order.</u>  Neither the termination of this litigation nor the termination of employment of any person who had access to any Confidential Discovery Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Discovery Material pursuant to this Order.

19.     <u>Entry of Order by the Court.</u>  The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

DATED this 26th day of August, 2008.

IT IS SO STIPULATED:

PAULSON & NACE

By:  /s/ Christopher T. Nace
Barry J. Nace, Esq. (#130724)
Christopher T. Nace, Esq. (#977865)
1615 New Hampshire Avenue, NW
Washington, DC 20009-2520

*Attorneys for Plaintiff Rachel Sher*

DRINKER BIDDLE & REATH LLP

By:  /s/ Elizabeth L. Ewert
Elizabeth L. Ewert, Esq. (#479368)
Jeffrey J. Lopez, Esq. (#453052)
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Telephone:  202/842-8800
Telecopier:  202/842-8465
elizabeth.ewert@dbr.com
jeffrey.lopez@dbr.com

*Attorneys for Defendants DePuy Mitek, Inc.
and Johnson & Johnson*


IT IS SO ORDERED:


_____
Judge Paul L. Friedman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RACHEL SHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-00617-PLF |
| | ) | |
| DEPUY MITEK, INC. AND | ) | The Honorable Paul L. Friedman |
| JOHNSON & JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

EXHIBIT A

### AGREEMENT TO BE BOUND BY TERMS OF STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

I hereby acknowledge that I have received a copy of the Stipulated Confidentiality Agreement and Protective Order ("Order") entered in the above-captioned case. I have carefully read the Order and I fully understand the terms of the Order. I recognize that I am bound by the terms of that Order, and I agree to comply with those terms. I agree not to disclose information designated there under as "Confidential" or "Confidential – For Attorney's Eyes Only" to any person not entitled to access such information.

I further agree to use "Confidential" or "Confidential – For Attorney's Eyes Only" material only in connection with this litigation, and not for any other purpose, including any business, competitive, or governmental purpose or function.

I hereby consent to the jurisdiction of this Court in respect to any proceedings relative to the enforcement of the Order, including without limitation any proceeding related to contempt of court.

At the end of this litigation or my involvement in this litigation, whichever occurs first, I will return to counsel for the party by whom I am employed or retained any and all such "Confidential" or "Confidential – For Attorney's Eyes Only" documents or information that has come into my possession.

Executed this ____ day of _____, 2008, at _____.

|  | Signature<br><br>Name:_____<br><br>Company:_____<br><br>Business Address:_____<br><br>_____<br><br>Business Telephone Number:_____ |
|---|---|